Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6554 | **DATE** | 2/22/2013 |
| **CASE TITLE** | Ugalde, et al. vs. Ryco Construction Company, Inc, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court lacks subject matter jurisdiction and the case is dismissed. All pending motions are terminated.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Defendant Ryco is a landscaping and snow removal company; Defendants Colin and Ryan Taheny have an ownership interest in Ryco. Ryco employed Plaintiff Ugalde from April 22 to December 23, 2009 and from April 9 to November 16, 2010, and Plaintiff Morales from April 24, 2009 to February 27, 2010 and from December 4, 2010 to February 4, 2011. Plaintiffs were classified and paid as hourly employees. In September 2011, Plaintiffs filed this lawsuit alleging that they were (1) paid at straight-time rates for hours worked in excess of 40 hours in a week and (2) not paid for all hours worked in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* and the Illinois Wage Payment Collection Act (IWPCA), 820 ILCS 115/2 *et seq.*

Defendants reviewed Plaintiffs' timekeeping records and determined that Ugalde's and Morales' claims for unpaid wages equaled $874.18 and $289.11, respectively. Based on those calculations, Ryco paid Ugalde and Morales their unpaid wages, liquidated damages (an amount equal to the unpaid wages), and punitive damages under Illinois law (2% of unpaid overtime for each month it remained unpaid). In addition to Plaintiffs' claims for damages, Ryco advised Plaintiffs' counsel that it was willing to pay reasonable attorneys' fees and costs, and, to that end, that Plaintiffs' counsel should provide it with a copy of their time records and costs. Plaintiffs admit that they have not provided Defendants with those records.

The parties' negotiations over fees and costs broke down, and Defendants moved for summary judgment, arguing that Ryco's satisfaction of Ugalde's and Morales' claims for damages moots the case. Plaintiffs concede that their claims for *damages* have been satisfied, but maintain that the Court should deny Defendants' motion because of the unresolved issue of attorneys' fees (and costs).

The parties agree that the issue before the Court is whether the case has been mooted by Ryco's satisfaction of Plaintiffs' claims for damages. A case is moot when a "justiciable controversy ceases to exist between the

| STATEMENT |
|---|

parties." *Aslin v. Financial Industry Regulatory Authority, Inc.*, 704 F.3d 475, 477 (7th Cir. 2013) (citing *Honig v. Doe*, 484 U.S. 305, 317 (1988)). And, of course, where there is not a justiciable controversy, federal courts lack subject matter jurisdiction. *Id.* at 478. Defendants' position, therefore, is that the Court lacks subject matter jurisdiction over this case, and it must be dismissed. Defendants' motion [51], however, is for summary judgment. That was a mistake: "a grant of summary judgment is a decision on the merits, a court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction. In short, the question of jurisdiction is inappropriate for summary judgment, and discussing the interplay between Rule 12(b)(1) [dismissal for lack of subject matter jurisdiction] and Rule 56 [summary judgment] verges on non sequitor." *Capitol Leasing, Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (internal citations omitted).

Defendants should have moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Perhaps Defendants believed that they needed to proceed under Rule 56 because their argument depends on factual matter outside the pleadings. If that's true, Defendants misunderstand Rule 12(b)(1), for "[i]n considering such a motion, '[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)); *Islamic Center of Western Suburbs v. County of DuPage*, 2012 WL 6605011, at *4 n. 1 (N.D. Ill. Dec. 18, 2012); *Miller v. Am. Airlines, Inc.*, 2004 WL 2203425, at *1 (N.D. Ill. Sept. 29, 2004); see also *Apex Digital v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009) (proper to consider "extrinsic evidence" in deciding factual challenges to jurisdiction under Rule 12(b)(1)).

Consistent with the substance of Defendants' motion for summary judgment, the Court will treat it "as a 'suggestion' of lack of subject matter jurisdiction" and consider the issue under Rule 12(b)(1). 5B Wright & Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D § 1357 at n. 34 (citing cases treating summary judgment motions seeking dismissal on jurisdictional grounds as suggestions that the case be dismissed under Rule 12(b)(1)). The parties have argued the motion as a dispute about the Court's subject matter jurisdiction, so deciding it under the correct rule of civil procedure will not prejudice either side.

Despite the procedural twist, the question before the Court is simple: Absent a dispute on the merits, is the lingering disagreement over attorneys' fees (and costs) sufficient to give the Court subject matter jurisdiction? In short, the answer is no. "It is well-settled that an interest in attorney's fees is insufficient to create a case or controversy when none exists on the merits." *Breneisen v. Motorola, Inc.*, 656 F.3d 701, 706 (7th Cir. 2011) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990)). Because there is no remaining dispute on the merits, the case is moot, and must be dismissed.

*Breneisen* leaves no room for a different result.[1] In *Breneisen*, one of the plaintiffs alleged that she was penalized in retaliation for conduct protected by the Family and Medical Leave Act (FMLA). 656 F.3d at 704. The defendant tendered a check for twice the amount the plaintiff claimed to be owed and then moved to dismiss the case as moot. *Id.* The district court granted the defendant's motion. *Id.* On appeal, the plaintiff argued that her demand for attorneys' fees gave her a stake in the case that prevented it from being moot. *Id.* at 706. The Seventh Circuit rejected that argument and affirmed the district court, citing the rule that a dispute about fees will not keep a case alive where there is no dispute on the merits. *Id.* Although it is

2

| STATEMENT |
|---|

true that the FMLA has a fee-shifting provision that awards attorneys' fees and costs "in addition to" any judgment for the plaintiff, that provision does not transform a fee dispute into a claim on the merits. *Id.* (quoting 29 U.S.C. § 2617(a)(3)). "[The] language [of the provision] clearly establishes that costs and fees are *ancillary* to the merits of a claim, not part of the claim itself." *Id.*

> [FN 1] Puzzlingly, Plaintiffs did not address *Breneisen* at all in their brief [42], but instead addressed in detail a recent decision from another circuit, *Dionne v. Floormasters Enterprises, Inc.*, 647 F.3d 1109 (11th Cir. 2011). This Court, of course, is bound to follow *Breneisen* and all other decisions of the Seventh Circuit.

The fee-shifting provisions of the FLSA, at issue in this case, and the FMLA, at issue in *Breneisen*, are substantially identical. The FLSA's fee-shifting provision states that "[t]he court in such action shall, *in addition to* any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 USC § 216(b) (emphasis added). Following *Breneisen*, this language establishes that costs and fees are ancillary to the merits. Thus the general rule — that a dispute over attorneys' fees does not create a dispute on the merits — also holds in FLSA cases.

Finally, it is worth noting that *Breneisen* rejected the plaintiff's argument that denying her the benefit of a fee-shifting provision in circumstances such as these was unjust or contrary to public policy. 656 F.3d at 706. The unfairness argument depends on the "catalyst theory," *i.e.,* that the lawsuit brought about the change in the defendant's behavior, so the plaintiff should be considered a prevailing party. But the Supreme Court has rejected that theory on the grounds that there must be "a judicially sanctioned change in the relationship between the parties for a court to award attorney's fees on the basis of the change." *Id.* (citing *Buckhannon Board and Care Home, Inc. v. W. Va. Dep't of Health and Human Resources*, 532 U.S. 598, 605 (2001)). There not been a "judicially sanctioned change" in this case. The parties resolved the merits of their dispute on their own. On the merits, there is nothing left for the Court to do. Accordingly, dismissal is appropriate.[2]

> [FN 2] The parties' briefs [42, 49] reference the possibility that Local Rule 54.3 still might be available as a mechanism for resolving their fee dispute. The Court expresses no opinion on that subject, nor does it address whether Plaintiffs might have any other avenue for litigating the fee dispute. However, given the prior negotiations also referenced in the briefs and the amount at issue, the Court urges the parties to get together with the goal of bridging the current gap without the need for any further court proceedings.

For the reasons stated above, the Court lacks subject matter jurisdiction and the case is dismissed. All pending motions are terminated.